**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TRUDY SAWYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-CV-03737 |
| | § | |
| GEICO GENERAL | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT
DEFENDANT'S SECOND MOTION FOR SANCTIONS**

On December 7, 2016, this matter was referred by United States District Judge Lee H. Rosenthal, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #22). Plaintiff Trudy Sawyer ["Plaintiff," "Sawyer"], proceeding *pro se*, has brought this action against Defendant Geico General Insurance Company ["Defendant," "Geico"]. She seeks damages for the bodily injuries that she allegedly sustained as a result of an insect infestation of her vehicle. (Civil Lawsuit Complaint ["Complaint"], Docket Entry #1). Pending before the court is the motion for sanctions that was filed by Defendant Geico General Insurance Company ["Defendant," "Geico"] against Plaintiff. (Defendant's Second Motion for Sanctions ["Motion"], Docket Entry #33). She has not responded. After considering the pleadings, the evidence, and the applicable law, it is RECOMMENDED that Defendant's motion be **GRANTED**.

**Background**

On December 28, 2015, Sawyer filed a complaint and an application to proceed *in forma pauperis* in this case, which was granted. (Complaint). On October 26, 2016, the court ordered the parties to submit a Joint Discovery/Case Management Plan. (*See* Docket Entry #15). Nevertheless, the parties filed independent discovery plans. (Joint Discovery Case Management Plan for Civil

Case ["Plaintiff's Discovery Plan"], Docket Entry #7; Defendant's Discovery and Case Management Plan ["Defendant's Discovery Plan"], Docket Entry #17). In its discovery plan, Geico stated its intention to take Sawyer's deposition between December, 2016, and May, 2017. (Defendant's Discovery Plan at 3).

Geico did make arrangements to take Plaintiff's oral deposition on January 18, 2017. (Motion, Exhibit ["Ex."] 1 at 5-6). Sawyer was given proper notice of the deposition, but she did not appear, and belatedly informed Defendant that she would not attend, because she was "the victim" in the action, and so she should not have to endure "such depressive measures." (*Id*. at 3). Geico then rescheduled Sawyer's deposition for February, 2, 2017. (Motion, Ex. 2 at 10). Again, she was properly notified of the deposition, but she again failed to appear, claiming that she could not, because she had been the "victim of robbery," the night before. (*Id*. at 3-9).

On February 14, 2017, Defendant filed a motion to compel Plaintiff's deposition. (Docket Entry #26). The court granted that motion, and ordered Sawyer to appear for deposition on February 24, 2017, a date to which the parties had agreed. (Docket Entry #27). Geico provided appropriate notice of that deposition, but Plaintiff, acting in direct violation of the court's order, failed to present herself for questioning on that date, as well. (*See* Motion, Ex. 3).

On March 1, 2017, Defendant filed a motion for sanctions against Sawyer, asking that the case be dismissed, for her failure to appear at the court ordered deposition. (Defendant's Motion for Sanctions, Docket Entry #28). Sawyer responded in opposition, claiming that she had a valid excuse for her absence. (Motion to Abandon the Defendant's Motion to Dismiss My Case ["Plaintiff's Response to Motion for Sanctions"] at 1, Docket Entry #29). On April 12, 2017, the court held a telephone conference on Defendant's motion. The court denied Geico's motion, at that time, and

expressly admonished Sawyer that her suit would be dismissed if she failed to appear for her deposition a fourth time. (Motion, Ex. 5 at 1; Docket Entry #31). In fact, she was told that the court would assume that she had no interest in pursuing the case if she failed to appear.

Sawyer's final deposition was scheduled for May 8, 2017. (*See* Motion Ex. 5). Plaintiff was given appropriate notice of that deposition, but, again, in direct violation of the court's order, she failed to appear for that deposition, which was to take place in the courtroom. (*See* Motion Ex. 6).

Defendant filed its second motion for sanctions on May 12, 2017. In support of its motion, Geico argues that Plaintiff's claim should be dismissed, because her refusal to appear for deposition "preclud[es] [it] from obtaining critical evidence concerning her claims[.]" (Motion at 2). For that reason, Defendant requests the court to dismiss all of Sawyer's claims, with prejudice.

### *Standard of Review*

Federal Rule of Civil Procedure 26(b) permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The information need not be admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. Subject to certain exceptions, a party may depose any person by oral questions, without leave of court. FED. R. CIV. P. 30(a)(1). If, however, the opposing party fails to appropriately respond to its discovery requests, a party may move to compel the discovery requested. FED. R. CIV. P. 37(a)(3). District courts exercise substantial discretion in determining whether to grant or deny a motion to compel discovery. *Valley Reg'l Med. Ctr. v. Wright*, No. 02-40144, 61 Fed.Appx.121, at *2 (5th Cir. 2003)(per curiam).

Further, Rule 37 provides that, "[i]f a party [] fails to obey an order to provide or permit

discovery [] the court [] may issue further just orders [] including dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). In addition, if a party fails to appear at her own deposition, the court may sanction her by dismissing the action. Fed. R. Civ. P. 37 (d)(3). Courts in this circuit have consistently shown a willingness to impose the ultimate sanction of dismissal as a penalty for those who violate discovery rules. *Moore v. CITGO Refining and Chemicals Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013); *see also* GREGORY P. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE § 49(B)(4), at 729 (5th ed. 2013) (citation omitted). However, "'dismissal is a severe sanction that implicates due process.'" *Moore*, 735 F.3d at 315 (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)). For that reason, courts require a showing on the following factors before dismissing a case, with prejudice, as a sanction for violating a discover order:

> "(1) the refusal to comply results from willingness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney[;] (3) the violating party's misconduct must substantially prejudice the opposing party, and (4) a less drastic sanction would not substantially achieve the desired deterrent effect."

*Doe v. American Airlines*, 283 Fed.Appx.289, 291 (5th Cir. 2008) (internal quotations omitted).

*Analysis*

In this case, it is clear that Sawyer has demonstrated a pattern of "intentional delay[,] contumacious conduct, noncompliance[,] and a general refusal to cooperate in the discovery process." *Doe*, 283 Fed.Appx. at 292. Plaintiff has repeatedly failed to comply with her discovery obligations. In the course of this litigation, Sawyer has failed to appear at four different deposition settings. Indeed, she has wholly disregarded the court's orders compelling her to appear for deposition on February 21, 2017, and May 8, 2017. Further, Plaintiff has been expressly warned by

the court that further failure to adhere to its orders would result in dismissal of her claims.

Because Plaintiff is proceeding *in forma pauperis*, her actions cannot be attributed to counsel. *Pegues v. PGW Auto Glass, L.L.C.*, 451 Fed.Appx417, 418 (5th Cir. 2011). Sawyer's conduct clearly prejudices Geico, because the company is unable to obtain evidence that is critical to preparing a defense at trial. *Hickman v. Fox Television Station, Inc*., 231 F.R.D. 248, 253 (S.D. Tex. 2005) (plaintiff's continued unavailability for deposition caused undue prejudice to defendant). Finally, a less drastic remedy would not be effective, because it is clear that Plaintiff has no intention of complying with her discovery obligations, nor does she have funds to pay a monetary penalty. Sawyer has refused to present herself for deposition, despite multiple court orders requiring that she do so, and an express warning from the court that failure to comply could result in dismissal of her claims. *Doe*, 283 Fed.Appx.at 292. On this record, the "remedy of last resort" is appropriate. *Id.* For these reasons, Defendant's second motion for sanctions should be granted, and Plaintiff's claims should be dismissed with prejudice.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Defendant's second motion for sanctions be **GRANTED**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk,

P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 18th day of May, 2017.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**